IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASHLEY WILSON and<br>THE ESTATE OF MARK REYNOLDS,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIE NELSON, RICHARD ALVES,<br>BUDDY CANNON, JOHN COLGIN,<br>MICHAEL MCQUERRY, COLLEYWOOD<br>MUSIC, RUN SLOW MUSIC, ACT FIVE<br>MUSIC, COTTON VALLEY WORLDWIDE<br>PUBLISHING, HARD LABOR MUSIC,<br>WARNER-TAMERLANE PUBLISHING<br>CORPORATION, LEGACY RECORDINGS,<br>SONY MUSIC ENTERTAINMENT, and<br>YEP ROC RECORDS,<br><br>    Defendants. | CIVIL ACTION NO._____<br><br>COMPLAINT FOR<br>COPYRIGHT INFRINGEMENT<br><br>[DEMAND FOR JURY TRIAL] |

## **COMPLAINT**

**COME NOW** Ashley Wilson ("Wilson") and The Estate of Mark Reynolds ("Reynolds"), Plaintiffs in the above-captioned matter, and file this Complaint for damages against Defendants Willie Nelson, Richard Alves, Buddy Cannon, John Colgin, Michael McQuerry, Colleywood Music, Run Slow Music, Act Five Music, Cotton Valley Worldwide Publishing, Hard Labor Music, Warner-Tamerlane Publishing Corporation, Legacy Recordings, Sony Music Entertainment, and Yep Roc Records (individually a "Defendant" and collectively, "Defendants") and shows the Court as follows:

## JURISDICTION

1. This action for damages and injunctive relief is brought by Plaintiffs pursuant to the Copyright Act and Copyright Revision Act, 17 U.S.C. §§101 et seq. (the "Copyright Act"), and other common law and statutory law as set forth herein.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question) and §1338 (copyright) because this matter arises under the Copyright Act and Copyright Revision Act, 17 U.S.C. §§101 et seq., which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. §1338.

3. Personal jurisdiction over each of the Defendants is proper in this jurisdiction, among other reasons, on the grounds that Defendants, Defendants' agents, and/or Defendants' personal representatives either: (a) transact business within Georgia; (b) committed a tortious act or omission within Georgia; and/or (c) committed a tortious injury in Georgia caused by an act or omission outside Georgia and regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in Georgia, pursuant to O.C.G.A. § 9-10-91 (2014), the Georgia long arm statute.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## THE PARTIES

5. Plaintiff Wilson is an individual residing in the State of Georgia, at 5256 Olde Mill Drive, Woodstock, Georgia 30188.

6. Plaintiff Reynolds is the Estate of Mark Reynolds, deceased.

7. Upon information and belief, Defendant Willie Nelson ("Nelson") is a songwriter, recording artist and performer residing in Spicewood, Texas.

8. Upon information and belief, Defendant Nelson recorded and released the album entitled *Heroes* (the "Infringing Album"), which contained the song entitled "Roll Me Up and Smoke Me When I Die" (the "Infringing Work").

9. Upon information and belief, Defendant Richard Alves ("Alves") is a songwriter listed as co-author of the Infringing Work. Upon reasonable investigation, Plaintiffs were unable to obtain any further contact information regarding this Defendant.

10. Upon information and belief, Defendant Buddy Cannon ("Cannon") is a songwriter listed as co-author of the Infringing Work. Upon reasonable investigation, Plaintiffs were unable to obtain any further contact information regarding this Defendant.

11. Upon information and belief, Defendant John Colgin ("Colgin") is a songwriter residing in the State of Tennessee, and listed as co-author of the Infringing Work. Upon reasonable investigation, Plaintiffs were unable to obtain any further contact information regarding this Defendant.

12. Upon information and belief, Defendant Michael McQuerry ("McQuerry") is a songwriter listed as co-author of the Infringing Work. Upon reasonable investigation, Plaintiffs were unable to obtain any further contact information regarding this Defendant.

13. Upon information and belief, Defendant Colleywood Music ("Colleywood Music") is a publishing company with a principal place of business at 6021 Sterling Drive, Colleyville, Texas 76034.

14. Upon information and belief, Defendant Run Slow Music ("Run Slow Music") is a publishing company with a principal place of business at 89-05 138th Street, Jamaica, New York 11435.

15. Upon information and belief, Defendant Act Five Music ("Act Five Music") is the trade name for the publishing company of Defendant Nelson, with a mailing address of P.O. Box 2689, Danbury, Connecticut 06813-2689. Upon reasonable investigation, Plaintiffs were unable to obtain any further contact information regarding this Defendant.

16. Upon information and belief, Defendant Cotton Valley Worldwide Publishing ("Cotton Valley") is an account payee in the care of Bluewater Music Corporation.

17. Upon information and belief Blue Water Music Corporation operates under the trade name Mighty Nice Music, and has a mailing address of P.O. Box 120904, Nashville, TN 37212-0904. Upon reasonable investigation, Plaintiffs were unable to obtain any further contact information regarding this Defendant.

18. Upon information and belief, Defendant Hard Labor Music ("Hard Labor Music") is publishing company of Defendant Alves, with a principal place of business of 2432 Ravine Drive, Nashville, Tennessee, 37217-3611.

19. Upon information and belief, Defendant Warner-Tamerlane Publishing Corporation ("Warner-Tamerlane") is a subsidiary of Warner/Chappell Music and has a principal place of business at 10585 Santa Monica Boulevard, Los Angeles, California 90025-4921.

20. Upon information and belief, Defendant Legacy Recordings ("Legacy") is a subsidiary of Defendant Sony Music Entertainment and has a principal place of business at 550 Madison Avenue, 23rd Floor, New York, New York 10022-3211.

21. Upon information and belief, Defendant Sony Music Entertainment ("Sony Music") is a Delaware entity with a principal place of business at 550 Madison Avenue, 23rd Floor, New York, New York 10022-3211. Upon information and belief, Defendant Sony Music is the parent company of Defendant Legacy.

22. Upon information and belief, Defendant Legacy is the record label that released the Infringing Album, containing the Infringing Work.

23. Upon information and belief, Defendant Yep Roc Records ("Yep Roc") is a company with a principal place of business at 449-A Trollingwood Rd., Haw River, North Carolina, 27258. Upon reasonable investigation, Plaintiffs were unable to obtain any further contact information regarding this Defendant.

24. Upon information and belief, Defendant Yep Roc is the record label that released the Infringing Album on vinyl LP.

## RELEVANT FACTS

25. In 1990, Plaintiff Wilson and Mark Reynolds co-authored the song "Roll Me Up (And Smoke Me When I Die)," also referred to as "Roll Me Up" (the "Original Work").

26. In 1991, Plaintiff Wilson and Mark Reynolds released an album on cassette tape that included the Original Work.

27. A recorded version of the Original Work can be heard at https://www.youtube.com/watch?v=Q3NfD2eAWXs.

28. Plaintiff Wilson and Mark Reynolds performed the Original Work throughout the southeastern United States during the 1990s.

29. On information and belief, the Original Work was frequently played on commercial radio in Georgia.

30. In 1996, Mark Reynolds was recorded on video performing the Original Work and explaining the origins of the song's lyrics. This video is available at https://www.youtube.com/watch?v=E4ZnZTEOEgQ.

31. Mark Reynolds continued to collaborate with songwriters throughout Georgia over the next several years until his passing in 2004.

32. On information and belief, Defendant Colgin resided in Roswell, Georgia, until 2004.

33. After a reasonable opportunity for further investigation and discovery, the facts will likely show that Mark Reynolds and John Colgin were acquainted with one another.

34. After a reasonable opportunity for further investigation and discovery, the facts will likely show that Mark Reynolds and John Colgin collaborated on songwriting.

35. After a reasonable opportunity for further investigation and discovery, the facts will likely show that John Colgin, through his association with Mark Reynolds, had access to the Original Work.

36. John Colgin is named as an author of the Infringing Work.

37. On April 20, 2012, Defendants commercially released the Infringing Work as a single, and later as part of the Infringing Album, which is available digitally as well as on vinyl LP.

38. The Infringing Work is substantially and strikingly similar to the Original Work.

39. More specifically, the Infringing Work contains the same title and dominant line in the chorus as the Original Work, with substantially similar melody, rhythm and cadence, as well as substantially similar lyrical themes.

40. Upon information and belief, the Infringing Album and the Infringing Work achieved significant commercial success in terms of both radio airplay and record sales.

41. Upon information and belief, the Infringing Album spent five consecutive weeks at the top of the American Radio Chart, and debuted at number 18 on the Billboard 200 best-selling albums chart.

42. Upon information and belief, Defendants receive royalty payments in connection with sales and performances of the Infringing Work.

43. After a reasonable opportunity for further investigation and discovery, the facts will likely show that Defendants have derived substantial revenues from the exploitation of the Infringing Work, including within the State of Georgia, including areas within the jurisdiction and venue of this Court.

44. To date, Defendants have not compensated Plaintiffs in any way.

45. In 2012, the Copyright Office issued U.S. Copyright Registration No. SR-703-806 listing Plaintiffs Wilson and Reynolds as co-authors in the Original Work, true and correct copies of which are attached hereto as Exhibit A.

## COUNT I
## COPYRIGHT INFRINGEMENT

46. The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth.

47. Plaintiffs Wilson and Reynolds own a valid federal copyright registration.

48. As the owner of the copyrights in the Original Work, Plaintiffs reserve and retain the bundle of exclusive rights granted under § 106 the Copyright Act.

49. Among the exclusive rights granted to Plaintiffs under the Copyright Act are the rights to reproduce the Original Work, to distribute copies of the Original Work, to prepare derivative works based on the Original Work, and to perform the Original Work publicly.

50. Defendants had access to the Original Work.

51. The Infringing Work is substantially and strikingly similar to the Original Work.

52. Plaintiffs are informed and believe that Defendants, without the permission or consent, have used, and continue to, among other things, perform the Original Work. In doing so, Defendants have violated Plaintiffs' exclusive rights.

53. Plaintiffs did not authorize any reproduction, distribution, publication, or performance of the Original Work.

54. Plaintiffs did not authorize the creation of a derivate work based on the Original Work.

55. Plaintiffs are informed and believe that Defendants Nelson, Alves, Cannon, Colgin, and McQuerry created the Infringing Work.

56. Plaintiffs are informed and believe that by creating the Infringing Work, Defendants Nelson, Alves, Cannon, Colgin and McQuerry created an unauthorized derivative work on the basis of the Original Work.

57. Plaintiffs are informed and believe that Defendants Colleywood Music, Run Slow Music, Act Five Music, Cotton Valley, and Hard Labor Music published the Infringing Work.

58. Plaintiffs are informed and believe that Defendants Legacy, Sony Music, and Yep Roc released and distributed the Infringing Work for sale.

59. Defendants never sought Plaintiffs' permission for the use of the Original Work.

60. Defendants' actions constitute infringement of the copyright in the Original Work and/or and the exclusive rights granted under such copyright.

61. Upon information and belief, Defendants used the Original Work with full knowledge of Plaintiffs' interests in and to the Original Work.

62. After a reasonable opportunity for further investigation and discovery, the facts will likely show that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of the Plaintiffs.

63. Defendants' use of the Original Work has been unauthorized and has resulted in severe financial injury to Plaintiffs and, therefore, Plaintiffs request that they be awarded actual damages for each infringement as proven, plus costs and interest in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs are entitled to and pray for relief as follows:

(i) That Defendants, their officers, agents, servants, employees and attorneys, and all persons acting under their permission and authority, be permanently enjoined and restrained from infringing, in any manner, the copyrighted Original Work, pursuant to 17 U.S.C. § 502;

(ii) That an accounting be conducted and judgment rendered against each Defendant jointly and severally for:

    a. all profits received by Defendants from the sale of the Infringing Album and from sale and performance of the Infringing Work;

    b. all damages in an amount proven at trial resulting from Defendants' copyright infringement, pursuant to 17 U.S.C. § 504(b); and

    c. any other actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action.

(iii) That Defendants be ordered to pay costs pursuant to 17 U.S.C. § 505;

(iv) That Plaintiffs have such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of March, 2015.

**THE SLADKUS LAW GROUP**

/Jeffrey B. Sladkus/
Jeffrey B. Sladkus
Georgia Bar No. 651220
jeff@sladlaw.com
Mark L. Seigel
Georgia Bar No. 634617
seigel@addipvalue.com
Becki C. Lee
Georgia Bar No. 167852
becki@sladlaw.com
O. Victoria Rooks
Georgia Bar No. 819379
victoria@sladlaw.com
1827 Powers Ferry Road
Building 6, Suite 200
Atlanta, GA 30339
Main: (404) 252-0900
Fax: (404) 252-0970
**Attorneys for Plaintiffs**

EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**SR 703-806**

Effective date of registration:

June 25, 2012

## Title

**Title of Work:** Roll Me Up

## Completion/Publication

**Year of Completion:** 1990

**Date of 1st Publication:** December 6, 1991  **Nation of 1st Publication:** United States

## Author

- **Author:** Walter Mark Thomas Reynolds
  **Pseudonym:** Uncle Mark Reynolds
  **Author Created:** sound recording, performance, production, music, lyrics

  **Work made for hire:** No
  **Citizen of:** United States    **Domiciled in:** United States
  **Year Born:** 1960    **Year Died:** 2004
  **Pseudonymous:** Yes

- **Author:** Ashley Karen Wilson
  **Author Created:** sound recording, performance, production, lyrics

  **Work made for hire:** No
  **Citizen of:** United States    **Domiciled in:** United States
  **Year Born:** 1969

## Copyright claimant

**Copyright Claimant:** Walter Mark Thomas Reynolds
5256 Olde Mill Drive, Woodstock, GA, 30188, United States

**Copyright Claimant:** Ashley Karen Wilson
5256 Olde Mill Drive, Woodstock, GA, 30188, United States

## Certification

**Name:** Ashley Karen Wilson
**Date:** June 25, 2012

---

**Correspondence:** Yes

